JOHN FAIGLE, Respondent, *v.* HENRY BOCKROTH et al., Appellants.

*Faigle* v. *Bockroth*, 160 App. Div. 907, affirmed.
(Argued March 14, 1917; decided April 3, 1917.)

APPEAL, by permission, from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered January 6, 1914, affirming a judgment in favor of plaintiff entered upon a verdict in an action to recover for personal injuries alleged to have been sustained by plaintiff through the negligence of the defendant. Plaintiff was injured by falling from a ladder placed in the stairwell of a building in the course of construction, the fall being caused by the base of the ladder slipping from its support. The defendants were the general contractors for the erection of the building in question. They had retained for themselves the performance of the brick work and had sublet all of the rest of the work. The plaintiff's employer had a contract with the defendants to perform all of the carpenter work. At the time the accident happened the plaintiff was descending from the third floor to the second floor on a ladder placed in the stairwell. The stairs had not at that time been completed and ladders placed in the stairwell were used by the men to go from one floor to another.

The following question was certified: "Was it reversible error for the trial court to refuse to charge the jury as requested by the defendants' counsel that 'if you find that the ladder was taken from a place in which it was left by the defendants, by some person or persons other than the defendants or their employees or agents, and was insecurely placed by such person or persons in the stairwell and that the accident was occasioned because the ladder was so insecurely placed, that then their verdict must be for the defendants,' the court having charged: 'To be sure, if he supplied the ladder for the use of these men and its location was changed over night, we will say, without notice to him or without his inter-

vention and before he had a chance to know of the changed condition, or before you could in reason say he should have known of it, if an accident happened under those circumstances, he would not be responsible. Your own common sense will tell you that.'"

*James I. Cuff* for appellants.

*William E. Butler* for respondent.

Judgment affirmed, with costs, and question certified not answered; no opinion.

Concur: HISCOCK, Ch. J., COLLIN, MCLAUGHLIN, CARDOZO, POUND, CRANE and ANDREWS, JJ.